## GEORGE SPINDEN v. STATE.

No. A-8563.   Oct. 6, 1933.
(25 Pac. [2d] 800.)

Hughes & Dickson and George M. Frittz, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of transporting intoxicating liquor, and sentenced to pay a fine of $50 and be imprisoned in the county jail for 30 days, from which judgment and sentence the defendant appeals.

The testimony on behalf of the state shows the defendant went to the town of Guymon at the request of the officers who had Jim Papay in custody, for the purpose of making bond for Papay. After the parties arrived in Guymon, and while waiting for the bond to be prepared, the defendant stated to some one of the parties that he was going to get something to eat. Two of the officers followed the defendant until he was about to enter a restaurant, when one of the officers called and told him not to go in there and to give him the bottle he had in his pocket.

The testimony further shows that the defendant had a bottle in his pocket; that he drew the bottle out of his pocket and threw it down on the sidewalk or pavement, breaking it. The officers say the contents of the bottle smelled like whisky. There was a small quantity of liquid of some kind in the bottle; no part of it was saved; no one knew what the color of the liquid was; and neither of the officers tasted the contents of the bottle. The officers stated they started after the defendant to search him and place him under arrest; they had no warrant for his arrest; no charge had been filed, or complaint made against him.

The defendant admits driving with one of the officers and Jim Papay to Guymon; that when he started into the restaurant and the officers stopped him he took a bottle from his pocket and threw it down and broke it. He says he does not know what the contents of the bottle were.

The conduct of the officers after having this defendant around with them at the courthouse for some time and waiting until he started up the street to get something to eat before attempting to either search or arrest the defendant is not to be commended, nor is the proof in this

case as to the contents of the bottle being whisky very strong. It is true the officers say it smelled like whisky. Many other drugs have the odor of whisky. The jury heard the evidence and found the defendant guilty. While the evidence is weak and unsatisfactory, yet there is some competent evidence, and this court has repeatedly held that, where there was any competent evidence to sustain a conviction, it would not interfere with the verdict.

The defendant was accorded a fair trial. There are no errors in the record sufficient to warrant a reversal.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.